UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

WESTERN DIVISION DIVISION
DOCKET NO. _____

RUTH DEBISSCHOP
    Plaintiff

v.

TOWN OF LONGMEADOW; CARL MAZZAFERRO, II; AND EWEN MACEACHEM
    Defendant

## COMPLAINT

### Introduction

On August 3, 2016, officers in the Longmeadow Police Department used excessive and unnecessary force to unlawfully arrest a 77-year-old grandmother, then exhibited deliberate indifference to her conditions of confinement by denying her the minimal civilized measure of life's necessities. In an effort to conceal and/or justify this misconduct, these officers fabricated criminal allegations. Having had these charges dismissed in state court, the plaintiff now brings this civil rights action seeking compensatory and punitive damages to redress the deprivation of rights secured to her by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

### Parties

1. Plaintiff Ruth Debisschop ("Debisschop") is a resident of Longmeadow, Hampden County, Massachusetts.

2. Defendant Town of Longmeadow ("Longmeadow") is a municipal corporation located within Hampden County, Massachusetts, with principal place of business at 20 Williams Street; Longmeadow, MA 01106.

3. Defendant Carl Mazzaferro, II ("Mazzaferro") is a resident of the Commonwealth of Massachusetts who, at all times pertinent hereto, was employed by the Town of Longmeadow as a police officer with the Longmeadow Police Department.

4. Defendant Ewen MacEachem ("MacEachem") is a resident of the Commonwealth of Massachusetts who, at all times pertinent hereto, was employed by the Town of Longmeadow as a police officer with the Longmeadow Police Department.

5. Defendants Mazzaferro and MacEachem are being sued individually and in their official capacities.

6. At all times pertinent hereto, Defendants Mazzaferro and MacEachem were acting as employees, agents, or servants of Defendant Town of Longmeadow.

7. At all times pertinent hereto, Defendants Mazzaferro and MacEachem were acting under color of state law.

8. At all times pertinent hereto, Defendants Mazzaferro and MacEachem were engaged in a joint venture.

**Jurisdiction**

9. Plaintiff's action for violation of rights guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution is brought pursuant to the provisions of 42 U.S.C. §1983.

10. Jurisdiction is conferred on this court by 28 U.S.C. §§1331 (federal question) and 1343 (civil rights).

**Venue**

11. This action is properly brought in the Western Division of the United States District Court for the District of Massachusetts under 28 U.S.C. §§1391 (b)(1) and (2) because the events at issue in the case arose and transpired in the Western Division of the District of Massachusetts.

**Factual Background**

12. At approximately 10:00 a.m. on Wednesday, August 3, 2016, Plaintiff was lawfully at the Pride Gas Station at 1730 Longmeadow Street, Longmeadow, Massachusetts.

13. At that time and place, Longmeadow police were arresting Plaintiff's grandson, Broc Gendron.

14. Plaintiff requested information concerning Mr. Gendron's arrest from Defendants Mazzaferro and MacEachem.

15. Plaintiff was physically seized and arrested by Defendants Mazzaferro and MacEachem.

16. During her arrest, Plaintiff was slammed into a nearby vehicle and handcuffed.

17. During her arrest, Plaintiff suffered multiple physical injuries, including a cut above her eye which has resulted in permanent facial scarring.

18. At the time of her arrest, Plaintiff was 77 years old.

19. Defendant Mazzaferro's report of the incident alleges that Plaintiff was "mak[ing] a scene in the parking lot," and that she "attempted to push Detective MacEachem and myself making contact with us to make her way to the vehicle," and therefore "was placed under arrest for disorderly conduct and assault and battery on a police officer."

20. Plaintiff was transported to the Longmeadow Police Department and placed in a holding cell. She was fingerprinted and booked.

21. During her detention, Plaintiff requested the use of toilet facilities due to irritable bowel syndrome, which was intensified by the stress of her arrest and detention.

22. Longmeadow Police failed to provide Plaintiff with timely access to toilet facilities.

23. This failure, combined with her medical condition, resulted in Plaintiff involuntarily defecating in her undergarments.

24. Plaintiff endured the remainder of her detention in soiled undergarments.

25. Despite being arrested during regular court hours, Plaintiff was detained for approximately nine hours before she was released.

26. On August 4, 2016, Plaintiff was arraigned in Springfield District Court on charges of disorderly conduct and assault and battery on a police officer.

27. Surveillance video obtained by the Longmeadow Police Department and produced in discovery in Plaintiff's criminal case shows Plaintiff approaching Defendants Mazzaferro and MacEachem at a normal speed and being violently detained within seconds of her arrival.

28. On November 22, 2016, after the surveillance video was produced to Plaintiff's criminal defense attorney, the Commonwealth dropped all charges against her.

29. As a result of Defendants' conduct, Plaintiff has suffered physical injuries, including permanent facial scarring.

30. As a result of Defendants' conduct, Plaintiff has suffered emotional distress and humiliation, including being forced to spend hours in soiled undergarments and being the subject of media reports for criminal charges which were ultimately dismissed.

31. As a result of Defendants' conduct, Plaintiff was detained without basis for approximately nine hours.

### COUNT I – VIOLATION OF 42 U.S.C. § 1983 – FALSE ARREST
**(Mazzaferro and MacEachem)**

32. Plaintiff re-alleges paragraphs 1 through 31 and incorporates them herein by reference.

33. The aforesaid actions and conduct by Defendants Mazzaferro and MacEachem violated Plaintiff's right to be free from an unreasonable seizure as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

34. As a result of the above-described violation of rights, Plaintiff suffered great pain of mind and body and was otherwise damaged.

### COUNT II – VIOLATION OF 42 U.S.C. § 1983 – EXCESSIVE FORCE
**(Mazzaferro and MacEachem)**

35. Plaintiff re-alleges paragraphs 1 through 34 and incorporates them herein by reference.

36. The aforesaid actions and conduct by Defendants Mazzaferro and MacEachem violated Plaintiff's rights to be free from the use of unreasonable and excessive force and summary punishment as guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

37. As a result of the above-described violation of rights, Plaintiff suffered great pain of mind and body and was otherwise damaged.

### COUNT III – VIOLATION OF 42 U.S.C. § 1983 – CRUEL AND UNUSUAL PUNISHMENT
### (Mazzaferro and MacEachem)

38. Plaintiff re-alleges paragraphs 1 through 37 and incorporates them herein by reference.

39. The aforesaid actions and conduct by Defendants Mazzaferro and MacEachem violated Plaintiff's rights to be free from the use of cruel and unusual punishment as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

40. As a result of the above-described violation of rights, Plaintiff suffered great pain of mind and body and was otherwise damaged.

### COUNT IV – ASSAULT AND BATTERY
### (Mazzaferro and MacEachem)

41. Plaintiff re-alleges paragraphs 1 through 40 and incorporates them herein by reference.

42. The above-described actions of Defendants Mazzaferro and MacEachem constituted an assault and battery as defined under the common law of the Commonwealth of Massachusetts.

43. As a direct and proximate cause of the above-described behavior of Defendants Mazzaferro and MacEachem, Plaintiff suffered great pain of mind and body and was otherwise damaged.

### COUNT V – FALSE ARREST AND IMPRISONMENT
### (Mazzaferro and MacEachem)

44. Plaintiff re-alleges paragraphs 1 through 43 and incorporates them herein by reference.

45. The above-described actions of Defendants Mazzaferro and MacEachem constituted a false arrest and imprisonment as defined under the common law of the Commonwealth of Massachusetts.

46. As a direct and proximate cause of the above-described behavior of Defendants Mazzaferro and MacEachem, Plaintiff suffered great pain of mind and body and was otherwise damaged.

### COUNT VI - MALICIOUS PROSECUTION
**(Mazzaferro and MacEachem)**

47. Plaintiff re-alleges paragraphs 1 through 46 and incorporates them herein by reference.

48. The aforesaid actions and conduct of the Defendants Mazzaferro and MacEachem constituted malicious prosecution under the laws of the Commonwealth of Massachusetts.

49. As a result of the malicious prosecution of Plaintiff by the above-named Defendants, she suffered great pain of mind and body and was otherwise damaged.

### COUNT VII - ABUSE OF PROCESS
**(Mazzaferro and MacEachem)**

50. Plaintiff re-alleges paragraphs 1 through 49 and incorporates them herein by reference.

51. The aforesaid actions and conduct of the Defendants Mazzaferro and MacEachem constituted abuse of process under the laws of the Commonwealth of Massachusetts.

52. As a result of the abuse of process by the above-named defendants, Plaintiff suffered great pain of mind and body and was otherwise damaged.

## **COUNT VIII - NEGLIGENCE**
### **(Town of Longmeadow)**

53. Plaintiff re-alleges paragraphs 1 through 52 and incorporates them herein by reference.

54. Defendant Longmeadow owed Plaintiff a duty of reasonable care in its supervision and training of its police department employees.

55. Defendant Longmeadow breached its duty to Plaintiff in arresting her without lawful basis, using excessive force during her arrest, unreasonably delaying her presentment to a court or clerk magistrate for release, and failing to address her known medical issues, thereby unreasonably exposing her to extensive humiliating detention in her own excrement.

56. As a result of Defendant Longmeadow's breach, Plaintiff suffered great pain of mind and body and was otherwise damaged.

57. Plaintiff sent her demand letter pursuant to M.G.L. c. 258 §4 to the Town of Longmeadow on August 1, 2018, more than six months prior to commencement of this action.


WHEREFORE, Plaintiff requests that this Court enter judgment against Defendants jointly and severally on all counts of this complaint and:

      a) Award compensatory damages;
      b) Award punitive damages;
      c) Award interest and costs of this action to Plaintiff;
      d) Award attorneys' fees to Plaintiff; and
      e) Award such other relief which this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demand a jury trial on all issues so triable.

PLAINTIFF, RUTH DEBISSCHOP,

By: /s/ Luke Ryan
Luke Ryan, Esq.
BBO No. 664999
Sasson, Turnbull, Ryan & Hoose
100 Main Street, 3rd floor
Northampton, MA 01060
(413) 586-4800
(413) 582-6419